UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BROWN,

    Plaintiff,

v.

Case No. 21-cv-11565
Hon. Matthew F. Leitman

DONALD HAIDERER,

    Defendants.
_____/

### ORDER (1) DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 97) AND (2) DIRECTING PLAINTIFF TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION BY NO LATER THAN SEPTEMBER 16, 2024

    Plaintiff David Brown is a state prisoner currently in the custody of the Michigan Department of Corrections. In this civil-rights action, Brown alleges that he received inadequate medical treatment while he was incarcerated in the Saginaw Correctional Facility in 2021. (*See* Compl., ECF No. 1.)

    The sole remaining defendant in this action is Defendant Donald Haiderer. On February 20, 2024, Haiderer moved for summary judgment. (*See* Mot., ECF No. 89.) The motion was referred to the assigned Magistrate Judge, and on June 17, 2024, the Magistrate Judge issued a report and recommendation in which she recommended that the Court grant Haiderer's motion (the "R&R"). (*See* R&R, ECF No. 94.) At the conclusion of the R&R, the Magistrate Judge informed the parties

1

that if they wanted to file objections to the R&R, they needed to do so within fourteen days. (*See id.*, PageID.915-916.)

On June 27, 2024, Brown filed a motion in which he asked for additional time – until July 22, 2024 – to file his objections to the R&R. (*See* Mot., ECF No. 95.) Brown explained that he was "only recently able to obtain the assistance of an inmate legal writer" and that that person "need[ed] some time to become familiar with this [case] to properly prepare [Brown's] objections to the R&R." (*Id.*, PageID.918.) The Court granted Brown's motion, provided him even more time than he asked for, and directed him to file objections to the R&R by August 5, 2024. (*See* Order, ECF No. 96.)

Brown has not filed any objections to the R&R. Instead, on August 3, 2024, he filed a motion to appoint counsel. (*See* Mot., ECF No. 97.) In that motion, Brown says that the Court should appoint counsel for three reasons: (1) Brown's status as an inmate, (2) the complex nature of the case and Brown's need to obtain expert medical witnesses to review his medical records and provide affidavits, and (3) Brown's visual impairment that Brown says renders him unable to prepare responses to the Court. (*See id.*)

The Court has carefully reviewed Brown's motion and concludes that he is not entitled to the appointment of counsel. As the Court explained to Brown when it denied his previous motion for the appointment of counsel (*see* Order, ECF No.

2

88), there is no constitutional right to the appointment of counsel in civil cases. *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is ... a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted).  Despite all three issues that Brown has identified, with the assistance of a legal writer, he has been able to successfully litigate this case for the past three years.  Indeed, Brown successfully defeated part of Haiderer's initial motion for summary judgment, which involved marshalling the same type of evidence that Brown would need to review to file objections to the R&R. (*See* Order, ECF No. 74.)  And Brown filed a substantive response to Haiderer's underlying summary judgment motion that cited the Court to specific medical records and explained why those records did not entitle Haiderer to summary judgment. (*See* Resp., ECF No. 91.)  Finally, the Court recognizes that Brown suffers from a visual impairment, but that impairment has not stopped him from effectively representing himself previously in this matter, and Brown has not persuaded the Court that his visual impairment has deteriorated to such a degree that he is unable to respond to the R&R and/or work with a legal writer to prepare that response.

Accordingly, for all of the reasons explained above, Brown's motion for the appointment of counsel (ECF No. 97) is **DENIED**.  However, the Court does want to give Brown one last opportunity to file objections to the R&R.  He shall file those

objections by no later than **September 16, 2024**. That is 27 days from the date of this order. That should be more than sufficient time for Brown to file objections to the R&R given that (1) he should be well-familiar with the issues raised in Haiderer's summary judgment motion and discussed in the R&R because they are largely the same issues that were addressed in Haiderer's first summary judgment motion (which the Court allowed Haiderer to augment with additional medical records and re-file) and (2) it has been more than two months since the Magistrate Judge issued the R&R.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 20, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4