UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BROWN,

    Plaintiff,

v.

    Case No. 21-cv-11565
    Hon. Matthew F. Leitman

DONALD HAIDERER,

    Defendant.

_____/

**ORDER (1) DENYING DEFENDANT'S MOTION FOR JUDGMENT (ECF No. 112); (2) GRANTING BROWN'S MOTIONS FOR EXTENSION OF TIME (ECF Nos. 113 & 114); (3) TERMINATING AS MOOT BROWN'S MOTION TO REOPEN CASE (ECF No. 104); (4) TERMINATING AS MOOT BROWN'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)(1) (ECF No. 109); AND (5) DENYING BROWN'S MOTION TO APPOINT COUNSEL (ECF No. 105)**

This a prisoner civil rights action in which Plaintiff David Brown asserts an Eighth Amendment claim against Defendant Dr. Donald Haiderer for failure to treat his keratoconus.

On February 20, 2024, Dr. Haiderer filed a motion for summary judgment. (*See* Mot. for Summ. J., ECF No. 89.) Brown filed a response. (*See* Resp., ECF No. 91.) Dr. Haiderer filed a reply. (*See* Reply, ECF No. 92.) Thereafter, the assigned Magistrate Judge entered a Report and Recommendation ("R & R") in which she recommended the Court grant Dr. Haiderer's motion for summary judgment. (*See* R & R, ECF No. 94.) Brown filed objections to the R & R. (*See* Obj., ECF No. 99.)

1

After carefully reviewing the R & R and Brown's objections, on September 30, 2024, the Court entered an order overruling Brown's objections and granting summary judgment for Dr. Haiderer. (*See* Order, ECF No. 101.) That same day, the Court entered a final judgment against Brown. (*See* Judgment, ECF No. 102.) Ordinarily, the entry of that judgment would have commenced the time for Brown to file a notice of appeal or a motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure. Unfortunately, however, the Court failed to send the order and judgment to Brown due to a clerical error.

In the months following the final judgment, Brown worked diligently to seek clarity on the next steps available to him given that he did not receive a copy of the final judgment. (*See, e.g.*, Letters, ECF No. 103, 106; Mot. to Reopen Case, ECF No. 104.) His filings included a motion for relief from judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure on the ground that he did not timely receive the Court's order adopting the R & R. (*See* Mot., ECF No. 109.)

On December 17, 2024, the Court convened an on-the-record status conference with the parties. For the reasons stated on the record, and due to the confusion that arose as a result of the Court's failure of service, the Court found good cause to reset the deadlines for Brown to file a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. (*See* Order, ECF No. 111.) That deadline was reset to January 7, 2025.

2

Brown did not file a motion to alter or amend the judgment by the deadline. On January 24, 2025, Brown filed a motion requesting an extension of time to file his motion to alter or amend the judgment. (*See* Mot. for Ext., ECF No. 113.)[1] In that motion, Brown explained that he did not file a motion to alter or amend the judgment by the deadline because he was placed in segregation on January 2, 2025 and did not have access to the necessary writing assistance. (*See id.*)

On January 27, 2025, Dr. Haiderer filed a motion for judgment based on Brown's failure to file a motion to alter or amend the judgment by the Court's deadline. (*See* Mot. for J., ECF No. 112.)

On February 4, 2025, Brown filed a second motion for extension of time in which he claimed that issues related to his receipt of mail within the MDOC prevented him from timely seeking relief from the Court's order adopting the R & R. (*See* Mot., ECF No. 114.)

The Court finds good cause to provide Brown with **one final extension** of time to seek relief from judgment. Accordingly, the pending motions are resolved as follows:

1. Dr. Haiderer's motion for judgment (ECF No. 112) is

    **DENIED**. Haiderer asks the Court "to re-enter" the

---

[1] The motion was not uploaded into the CM/ECF filing system until January 31, 2025.

3

judgment against Brown. (*Id.*, PageID.1005.) There is no need or basis for the Court to do so. The judgment is in place and will remain in place unless and until Brown seeks and obtains relief from it.

2. Brown's motions for extension of time (ECF Nos. 113 & 114) are **GRANTED**. Brown may have **one final extension** of time to file a motion under Rule 59(e) of the Federal Rules of Civil Procedure seeking relief from the judgment entered against him.[2] Brown may file that motion **by not later than April 4, 2025.** Haiderer may respond by **not later than May 9, 2025.** Brown may reply by **not later than June 6, 2025. The Court will not grant any further extensions with respect to the deadline for Brown to seek relief from judgment in this matter**.

---

[2] In Brown's most recent motion, he says that he intends to respond "to [the] Magistrate's R & R." (*See* Mot., ECF No. 114, PageID.1016.) There is no longer any basis for Brown to attack the R & R. He filed objections to the R & R (*see* Obj., ECF No. 99), and the Court thereafter ruled on the objections and entered judgment against him. (*See* Order & Judgment, ECF Nos. 101 & 102.) Brown should direct any additional filings to the order and judgment entered by the Court on September 30, 2024, not to the R & R. Stated another way, Brown should attempt to show why this Court erred, not why the Magistrate Judge erred in the R & R.

3. Brown's motion to reopen his case (ECF No. 104) is **TERMINATED AS MOOT**. The motion is no longer necessary given the extension granted above.

4. Brown's motion for relief from judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure (ECF No. 109) is **TERMINATED AS MOOT**. The motion is no longer necessary given the extension granted above.

5. Brown's motion to appoint counsel (ECF No. 105) is **DENIED** for the reasons previously explained by the Court. (*See* Order, ECF No. 98, PageID.929-930.)

**IT IS SO ORDERED.**

                              s/Matthew F. Leitman
                              MATTHEW F. LEITMAN
                              UNITED STATES DISTRICT JUDGE

Dated: February 5, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 5, 2025, by electronic means and/or ordinary mail.

                              s/Holly A. Ryan
                              Case Manager
                              (313) 234-5126