UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BROWN,

      Plaintiff,

                                          Case No. 21-cv-11565

v.                                     Hon. Matthew F. Leitman

DONALD HAIDERER,

      Defendant.

_____/

## ORDER (1) DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND (ECF No. 117) AND (2) STRIKING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION (ECF No. 116)

This a prisoner civil rights action in which Plaintiff David Brown asserts an Eighth Amendment claim against Defendant Dr. Donald Haiderer.  Last year, Dr. Haiderer filed a motion for summary judgment (*see* Mot., ECF No. 89), the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court grant the motion (the "R&R") (*see* R&R, ECF No. 94), and the Court then adopted the disposition recommended by the Magistrate Judge and granted Dr. Haiderer's motion for summary judgment (*see* Order, ECF No. 101).  The Court also entered judgment in favor of Dr. Haiderer and against Brown. (*See* Judgment, ECF No. 102.)

Now before the Court is Brown's motion to alter or amend the judgment. (*See* Mot., ECF No. 117.)  Brown has also filed a document titled "Plaintiff's Objections

1

to Magistrate's Report and Recommendation." (Obj., ECF No. 116.)  For the reasons explained below, the Court will **DENY** Brown's motion and **STRIKE** his purported objections to the R&R from the record.

The Court begins with the motion to alter or amend the Court's judgment.  In that motion, Brown argues, in effect, that the Court should set aside the judgment because he never had an opportunity to file objections to the R&R. (*See* Mot., ECF No. 117, PageID.1104, 1110.)   A review of the relevant procedural history of this action shows that Brown is mistaken.

The salient history is as follows.  On February 20, 2024, Dr. Haiderer filed a motion for summary judgment. (*See* Mot., ECF No. 89.)  Brown filed a response opposing the motion, which he titled "Plaintiff's Objections to Defendant's Renewed Summary Judgment Motion." (*See* Resp., ECF No. 91.)  Dr. Haiderer replied (*see* Reply, ECF No. 92) and Brown filed an "Objection" to Dr. Haiderer's reply. (*See* Obj., ECF No. 93.)

On June 17, 2024, the assigned Magistrate Judge issued the R&R in which, as noted above, she recommended that the Court grant Dr. Haiderer's motion for summary judgment. (*See* R&R, ECF No. 94.)  Brown filed a motion requesting an extension of time to file objections *to the R&R*. (*See* Mot., ECF No. 95.)  The Court granted Brown's motion and extended the time for filing those objections until August 5, 2024. (*See* Order, ECF No. 96.)  On August 3, within the time for filing

2

objections, Brown filed a motion to appoint counsel. (*See* Mot., ECF No. 97.)  The Court denied that motion and granted Brown an additional extension to file objections *to the R&R*. (Order, ECF No. 98.)  The Court directed Brown to file any objections to the R&R by September 16, 2024. (*See id.*)

On September 11, 2024 – within the time period allotted by the Court for Brown to file objections *to the R&R* – Brown filed a document that he again titled "Plaintiff's Objection to Defendant's Renewed Summary Judgment" (the "Second Objection Filing"). (*See* Second Obj. Filing, ECF No. 99.[1])  The Second Objection Filing did not address the analysis or recommendation in the R&R.  Instead, Brown used that filing to attack – for a second time – the arguments in Dr. Haiderer's underlying motion for summary judgment.

The Court nonetheless treated the Second Objection Filing as an objection to the R&R.  It did so for four reasons.  First, Brown had already filed a response opposing the underlying motion for summary judgment, and there was no basis to permit him to file an additional response.  Second, the only appropriate filing at that stage of the proceedings – after the Magistrate Judge had issued the R&R – was objections to the R&R.  Third, before Brown submitted the Second Objection Filing, he had specifically asked for an extension of time to file objections *to the R&R*. (*See*

---

[1] While the Second Objection Filing shared the same title as Brown's original response to Dr. Haiderer's motion for summary judgment, the two filings were not identical. (*Compare* ECF No. 91 to ECF No. 99.)

Mot., ECF No. 95.) Fourth, the Court had repeatedly indicated to Brown that the filing he was to make at that point in the proceedings was objections *to the R&R*. (*See* Orders, ECF No. 96, PageID.921; ECF No. 98, PageID.929-931.)

On September 30, 2024, the Court entered an order overruling the objections in the Second Objection Filing and granting Dr. Haiderer's motion for summary judgment. (*See* Order, ECF No. 101.) That same day, the Court entered a final judgment in favor of Dr. Haiderer and against Brown. (*See* Judgment, ECF No. 102.) Ordinarily, the entry of that judgment would have commenced the time for Brown to file a notice of appeal or a motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure. Unfortunately, however, the Court failed to send the order and judgment to Brown due to a clerical error, and that failure understandably confused Brown.

In the months following the entry of the final judgment, Brown worked diligently to seek clarity on the status of the action and the next steps available to him. (*See, e.g.*, Letters, ECF No. 103, 106; Mot. to Reopen Case, ECF No. 104; Mot. for Relief, ECF No. 109.) Due to the confusion that arose as a result of the Court's failure of service, the Court found good cause to reset the deadline for Brown to file a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. (*See* Orders, ECF Nos. 111, 115.)

As noted above, Brown has now filed a motion to alter or amend the judgment. (*See* Mot., ECF No. 117.)  In the motion, Brown claims that the Court erred when it treated the Second Objection Filing as objections to the R&R.  Brown argues that the Court should give him another chance to submit objections to the R&R, and he has separately filed a set of proposed objections.  He suggests that if the Court does not vacate the judgment and allow him to file his new proposed objections to the R&R, the Court will have entered judgment without having given him a sufficient opportunity to object to the R&R.

For all of the reasons explained above, the Court rejects Brown's arguments. The Court gave Brown ample opportunity to file objections to the R&R, and the Court was fully justified in treating the Second Objection Filing as Brown's objections to the R&R.  Brown should have presented any arguments attacking the R&R in the Second Objection Filings – and within the time frame that the Court twice extended for him.

Moreover (and in any event), Brown has failed to show any error in the disposition recommended in the R&R.  As the Court noted in the order adopting the R&R and granting summary judgment in favor of Dr. Haiderer, the treatment decisions made by Dr. Haiderer were consistent with the recommendations and conclusions reached by other medical professionals who examined Brown.  While there may have some other medical professionals who took a different view, Dr.

Haiderer did not violate Brown's Eighth Amendment rights by pursuing a treatment plan that was consistent with the findings and views of a group of professionals who had examined Brown.  Simply put, as the Court noted, Brown's medical case was a difficult one that generated differences of opinion among medical professionals, and Dr. Haiderer did not violate the Eighth Amendment by choosing sides in that disagreement.

For all of these reasons, Brown's motion to alter or amend (ECF No. 117) is **DENIED**.

Finally, the Court **STRIKES** Brown's objections to the R&R. (*See* Obj., ECF No. 116.)  The time for filing objections to the R&R has long passed, and there is no longer a pending R&R.  Thus, Brown's objections (ECF No. 116) are **STRICKEN** from the record.

IT IS SO ORDERED.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 17, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 17, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126